1

2

3

4

5

6

7

8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANIEL ACOSTA,

11          Plaintiff,                    No. CIV S-08-0978 MCE GGH P

12      vs.

13   SOLANO COUNTY PUBLIC DEFENDER,

14          Defendant.                    ORDER AND

15   _____/               FINDINGS AND RECOMMENDATIONS

16          Plaintiff is a prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. § 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments shall be collected

1

1   and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2   plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3   § 1915(b)(2).

4           The court is required to screen complaints brought by prisoners seeking relief

5   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9   U.S.C. § 1915A(b)(1),(2).

10          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16  Cir. 1989); Franklin, 745 F.2d at 1227.

17          A complaint must contain more than a "formulaic recitation of the elements of a

18  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

19  speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).

20  "The pleading must contain something more...than...a statement of facts that merely creates a

21  suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal

22  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this

23  standard, the court must accept as true the allegations of the complaint in question, Hospital

24  Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

25  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.

26  McKeithen, 395 U.S. 411, 421 (1969).

1   The only named defendant is the deputy public defender currently representing

2   plaintiff in his ongoing criminal case.  Plaintiff alleges that defendant has provided ineffective

3   assistance of counsel.  As relief, plaintiff requests that defendant be taken off the case.  Plaintiff

4   also requests that defendant be sanctioned.

5   Under principles of comity and federalism, a federal court should not interfere

6   with ongoing state criminal proceedings by granting injunctive or declaratory relief absent

7   extraordinary circumstances.  See Younger v. Harris, 401 U.S. 37, 43-54 (1971).  Younger

8   abstention is required when 1) state proceedings, judicial in nature, are pending; 2) state

9   proceedings involve important state interests; and 3) the state proceedings afford adequate

10  opportunity to raise the constitutional issue.  See Middlesex County Ethic Comm. v. Garden

11  State Bar Ass'n., 457 U.S. 423, 432 (1982).

12  In the instant case, plaintiff seeks injunctive relief regarding pending state

13  proceedings.  These proceedings involve important state interests.  The court also finds that

14  plaintiff's criminal action provides adequate opportunity to raise the constitutional issues, e.g.,

15  ineffective assistance of counsel requests for new counsel, raised in this action.  Accordingly,

16  plaintiff's claims are barred by the Younger abstention doctrine.[1]  Because plaintiff cannot cure

17  this pleading defect, the court recommends dismissal of this action.

18  Accordingly, IT IS HEREBY ORDERED that:

19  1.  Plaintiff's request to proceed in forma pauperis is granted;

20  2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

21  The fee shall be collected and paid in accordance with this court's order to the Solano County

22  Sheriff.

23  /////

24

---

25  [1]  Plaintiff does not seek money damages.  However, if he did, his claims would be barred
26  by Heck v. Humphrey, 512 U.S. 477 (1994); Harvey v. Waldron, 210 F.3d 1008, 1014-16 (9th
    Cir. 2000)(Heck applies to ongoing criminal actions).

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   05/28/08

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

ac978.56